THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY GRAZIA,<br><br>Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS, a foreign corporation,<br><br>Defendant. | CASE NO. C17-1130-JCC<br><br>ORDER ON MOTION TO REMAND |

This matter comes before the Court on Plaintiff's motion to remand (Dkt. No. 8). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

On November 17, 2013, Plaintiff Anthony Grazia was in a car accident resulting in significant injuries. (Dkt. Nos. 1 at 11, 5–9.) He brought suit against the negligent driver, Vallen Brewer, in a prior action, which resolved for Brewer's insurance limit. (Dkt. No. 9-3 at 3.) Plaintiff then filed a claim for underinsured motorist benefits with his insurer, Safeco. In November 2016, Plaintiff filed a complaint in King County Superior Court against Safeco disputing the company's handling of his claim and asserting that it acted in bad faith. (Dkt. No. 12.) On July 26, 2017, Safeco removed the case to federal court on the basis of diversity

jurisdiction. (Dkt. No. 1 at 4.) Safeco states it was first put on notice that the amount in controversy was sufficient for federal jurisdiction by Plaintiff's June 27, 2017 settlement demand letter. (Dkt. No. 1 at 6, 20.) Plaintiff disputes this assertion, claiming Safeco had notice that the amount in controversy exceeded statutory requirements for removal more than 30 days prior to removal, and thus removal was not timely under 28 U.S.C. § 1446(b). (Dkt. No. 8 at 4.) Plaintiff now moves to remand to state court and for an award of attorney fees on the basis that removal was not "fairly supportable." (Dkt. No. 8.)

## II. DISCUSSION

### A. Legal Standard

A party to a civil action brought in state court may remove that action to federal court if the district court would have had original jurisdiction at the time the action was commenced and removed. *See* 28 U.S.C. § 1441(a); 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3723 (4th ed. 2013). Where a case is not removable as initially pled, it may still be removed "within 30 days after receipt by the defendant, through service or otherwise of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Once removed, a case can be remanded to state court for defects in the removal procedure or lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). There is a "strong presumption" against removal, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### B. Defendant's Notice of Removal was Untimely

Neither party challenges the federal court's subject matter jurisdiction. Rather, the Court finds that removal was untimely. The thirty-day clock for removal started upon Defendant's March 31, 2017 receipt of Plaintiff's interrogatory answers, but the case was not removed until July 26, 2017. (*See* Dkt. Nos. 8 at 5, 1 at 4.) Coupled with information already in Defendant's possession, this "other paper" was sufficient for Defendant to ascertain that the amount in

controversy would exceed the jurisdictional requirement for removal.

Plaintiff's interrogatory answers constitute "other paper" within the meaning of section 1446(b)(3). *See* 28 U.S.C. § 1446(b)(3). Courts have held that "other paper" refers to notice in writing and does not have to be a formal court filing. *Stramel v. GE Capital Small Business Finance Corp.*, 955 F. Supp. 65, 67–68 (E.D. Tex. 1997) ("actual notice may be communicated in a formal or informal manner"); *see also Rynearson v. Motor City, Inc.*, 626 F. Supp. 2d 1093, 1097 (W.D. Wash. 2009). From this "other paper," Defendant could ascertain that the case was removable. Defendant argues that under the standard established in *Harris v. Bankers Life and Casualty Company*, Plaintiff's claims were not clearly removable on the face of interrogatory answers. 425 F. 3d 689 (9th Cir. 2005). However, this Court joins other courts in this district in declining to extend *Harris*, a case involving a defendant's subjective knowledge and duty to investigate diversity of citizenship, to a case regarding amount in controversy, where "a defendant in the exercise of diligence could readily ascertain, on the basis of information within its . . . possession, that the amount in controversy exceeds the jurisdictional minimum." *See Banta v. American Medical Response Inc.*, No. 11-3586, slip op. at 2 (C.D. Ca. July 15, 2011).

Defendant had information in its possession that gave it reason to know that the amount in controversy would be over $75,000. First, Plaintiff's interrogatory responses informed Defendant that he would claim damages arising from "continued symptoms of brain injury," prior and continued medical treatment, and past and future wage loss of a six-figure annual income. (Dkt. Nos. 9-5 at 2–3, 8 at 6, 12 at 2.) Although Plaintiff's medical bills and future loss of earnings estimate had "not yet been itemized" or "finalized," his responses indicate significant, long-term damages. (*See* Dkt. Nos. 10 at 2, 9-5 at 2 – 3.) Additionally, Plaintiff's complaint indicates he is claiming damages for past and future medical expenses, pain and suffering damages, and lost wages and earning capacity. (Dkt. No. 1-1 at 2.) This court finds it difficult to believe that upon receipt of Plaintiff's interrogatory responses, Safeco, a sophisticated insurance company, "believed the amount of damages sought was less than $75,000." *See Bush*

*v. Winn Dixie Montgomery*, LLC, 132 F. Supp. 3d 1317, 1318 (N.D. Ala. 2015) (holding that the nature of damages alleged was sufficient to put defendant on notice of the amount in controversy without a numeric claim of damages).

### C.  Defendant Had an Objectively Reasonable Basis for Removal

If a case is remanded, attorney fees and costs are recoverable pursuant to 28 U.S.C. § 1447(c) only if the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005). Although the Court finds Defendant's removal untimely, it was not so objectively unreasonable as to merit an award of attorney fees and costs.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand is GRANTED and motion for attorney fees and costs is DENIED (Dkt. No. 8).

DATED this 25th day of October 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE